## JOHN H. SHARP v. CHARLES PONTIUS, ADMR.

SETTLEMENT OF THE ACCOUNT OF AN EXECUTOR WHO HAS BEEN REMOVED, EFFECT

A settlement of the account of an executor, who has been removed, does not bar a subsequent suit by him, against his successor, upon a demand existing in the lifetime of his testator.

ERROR to the Court of Common Pleas of Franklin county.

SHAUCK, J.

The plaintiff in error brought suit in the court of common pleas against the defendant in error, to recover for services rendered in the life-time of Nancy Landis upon a contract with her.

Numerous assignments of error are made, but all involve substantially the same questions as the last, which assigns for error the action of the court in sustaining a demurrer to the reply, and rendering final judgment thereon. This action of the court proceeded upon the view, that the amended fourth defense contained facts sufficient to defeat the plaintiff's action, and that the reply thereto was insufficient.

That defense was in substance, that Mrs. Landis died testate; that the plaintiff duly qualified as the executor of her last will and testament; that he was subsequently removed by the probate court, upon the ground that an unsatisfied demand existed between him and the estate; that he filed an account in the probate court, which upon exceptions and appeal was settled by the judgment of the common pleas court, where a balance was found in his hands which he was ordered to pay to his successor, and that this was conclusive of all matters between him and the estate.

These facts, it is said, estop the plaintiff from asserting any claim against the estate of Nancy Landis after the settlement of his said account, upon the ground that the court then finally determined all matters between Sharp and the estate, and that the balance of $965.13, which the court of common pleas found in his hands, was subject to distribution without abatement on account of any claim which Sharp had prior to such finding.

Taking this view of the answer, the court below sustained the defendant's demurrer to a reply to the defense referred to, upon the view that, as the reply admitted the filing of the account by Sharp and the action of the court thereon, it was not sufficient to aver that this particular demand was not in fact considered or passed upon by the court.

Upon this point the cases seem to justify counsel for the defendant in their broad statement of the rule, viz: that as between the parties thereto, the judgment of a court of record is final, not only as to matters which were in fact considered and determined, but as to all which under the issues might have been determined. If therefore the defense was sufficient, the court did not err in sustaining the demurrer to this portion of the reply.

But the demurrer called in question the legal sufficiency of the answer. Upon the broad rule just stated, the defense was sufficient if the claim asserted by Sharp in this action might have been considered and adjudicated in the settlement of his account by the probate court, or by the common pleas court on appeal.

The proper subject-matter of an executor's account, and the scope of the inquiry upon a settlement thereof, are clearly pointed out by the statute. Section 6175, provides, that he "shall, within eighteen months after having given bond for the discharge of his trust, render his account of his administration upon oath; and he shall in like manner render such further accounts of his administration, etc., until the estate shall be wholly settled." The claim asserted by Sharp in this action existed before the death of Nancy Landis. It was in no sense connected with the administration of her estate. Not only is this claim not embraced within the subject of his account of his administration, but it was expressly excluded therefrom by the provisions of sec. 6099, that "no part of the assets of the deceased shall be retained by an executor or administrator in satisfaction of his own debt or claim, etc." This section and the two immediately following provide for the allowance of a claim which the executor may be entitled to assert against the testator. They point out a wholly different mode than through the final account for determining the validity of such claim. The adjudication upon his account could have no wider scope than the account itself. It settled only the account of his administration. A party may be estopped to subsequently assert rights which he did not assert at the proper time; but the rule does not require that one should speak at a time and in a manner which the law forbids.

Judgment reversed.

Robert C. Fulton and F. F. D. Albery, for plaintiff in error.
J. T. Holmes and Walter B. Paige, for defendant in error.

---

## RECEIVERS—DITCHES.                                      10

[Paulding Circuit Court, May Term, 1886.]

Seney, Frazier and Baldwin, JJ.

(Judges Frazier of the Seventh and Baldwin of the Sixth Circuit, taking the places of Judges Beer and Moore.)

*D. W. CALDWELL, RECR. OF THE N. Y., C. & ST. L. RY. CO. v. TRUSTEES OF HARRISON TOWNSHIP.

1. SUIT TO RESTRAIN DITCH PROCEEDINGS.

A receiver of a railroad company is a competent party plaintiff in a suit to restrain ditch proceedings against the company commenced and prosecuted after his appointment as such receiver.

2. NOTICE OF THE PROCEEDINGS.

Under the statutes relating to township ditches, notice of the proceedings to a railroad company, by service upon its local agent, is not a valid service, and the company and its receiver having no other notice and no knowledge of the proceedings until after the order of apportionment is made, is not bound thereby.

---

* This decision was followed by the circuit court in Rice v. Wellman, *post*, 5 C. C. 334, 337.